J-S49019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANA ROSENBERGER | |
| Appellant | No. 1640 WDA 2016 |

Appeal from the PCRA Order Dated October 4, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001432-2009

BEFORE: DUBOW, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    FILED DECEMBER 22, 2017

Appellant, Dana Rosenberger, appeals pro se from the order dismissing Appellant's petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review of the PCRA court's docket noting that Stephen C. Paul, Esquire, was appointed to represent Appellant on May 23, 2016, and as there is no indication that counsel was granted permission to withdraw, we remand for a hearing to clarify the status of Attorney Paul's representation of Appellant.

Appellant initially was charged with Indecent Assault under 18 Pa.C.S. § 3216(a)(1), a misdemeanor of the second degree, and Corruption of Minors under 18 Pa.C.S. § 6301(a)(1), a misdemeanor of the first degree. On December 22, 2009, the trial court permitted amendment of the first

_____

[*] Former Justice specially assigned to the Superior Court.

count of the information to charge Indecent Assault of a Person Less than 13 Years of Age, a felony of the third degree. See 18 Pa.C.S. § 3126(a)(7)-(8). PCRA Ct. Op., 12/1/16, at 1.[1] Appellant then pled guilty to the charges and, pursuant to a negotiated plea, was sentenced by Judge Paul Pozonsky to an aggregate term of two and one-half to ten years' incarceration. Commonwealth v. Rosenberger, No. 845 WDA 2014, at 1 (Pa. Super. Aug. 4, 2015) (unpublished memorandum) [hereinafter Rosenberger II].

Throughout the plea and sentencing process, Appellant was represented by Thomas Cooke, Esquire. Prior to his guilty plea hearing, Appellant completed a written guilty plea colloquy, which included an "explanation of defendant's rights." Guilty Plea Colloquy, 2/5/10, at 1.[2] For those questions inquiring whether Appellant had discussed relevant information with his attorney, Appellant initially answered "No" and then crossed out that answer and initialed his change. See Guilty Plea Colloquy, 2/5/10, at 2, 7-8 ¶¶ 6-8, 47-48, 53. Appellant also answered "No" to several questions asking whether he understood certain rights, but again crossed out those answers and replaced them with "Yes" and his initials.

_____

[1] The charges were based on Appellant's inappropriate touching of a girl under the age of 13 who was spending the night at a "sleep-over" with Appellant's daughter.

[2] The handwritten date in the signatures section of the written guilty plea colloquy is February 5, 2010, the same date as Appellant's guilty plea and sentencing hearing. The written plea colloquy was not date-stamped by the Clerk of Courts of Washington County until February 22, 2010.

See id. at 3, 6-7 ¶¶ 12-14, 35. For some of his answers, Appellant included additional comments that he later crossed out; again, he initialed the changes. See id. at 4, 6, 8 ¶¶ 25, 31, 55.[3]

Ultimately, after changing these answers, Appellant acknowledged that he fully understood his right to a trial by jury and that he had the right to remain silent and not present evidence, that he could testify or have witnesses testify on his behalf, that he could present relevant evidence, and

_____

[3] The crossed-out comments were in answers to the following questions:

> 25. By pleading guilty or nolo contendere, you give up the right not only to file pre-trial motions, but also you abandon or give up any pre-trial motions already filed and not yet decided and any pre-trial motion in which decisions were already made. Do you fully understand this?
>
> [APPELLANT'S ANSWER:]    Yes ~~I think~~.
>
>     \*    \*    \*
>
> 31. If your petition to withdraw you[r] plea would be denied by this Court, you would have thirty (30) days from the date your sentence was imposed to appeal the denial o[f] your plea to the Superior Court of Pennsylvania, but if you fail to file the appeal within this thirty-day allotted time period, you will have given up this right forever. Do you fully understand this?
>
> [APPELLANT'S ANSWER:]    Yes, ~~but I don't like it~~.
>
>     \*    \*    \*
>
> 55. Do you understand that you will have a right to request that your plea be withdrawn at any time prior to sentence[ing] and you[r] will have ten (10) days after you[r] sentence to challenge the validity of your plea; however, if you would fail to do so within these time periods, you would forever [g]ive up these rights?
>
> [APPELLANT'S ANSWER:]    Yes ~~but again I don't like it but don't feel I have much choice~~.

Guilty Plea Colloquy, 2/5/10, at 4, 6, 8 ¶¶ 25, 31, 55.

that he had the right to cross-examine the Commonwealth's witnesses. Additionally, he said he understood his appellate rights and the procedure and timeframe for moving to withdraw his plea, as well as the consequences of withdrawing his plea. Guilty Plea Colloquy, 2/5/10, at 1-8 ¶¶ 9-14, 20-21, 26-27, 29-31, 35, 45, 55-56. Appellant initialed at the bottom of pages 2 to 8 of the written guilty plea colloquy and dated and signed page 8. Attorney Cooke signed and dated the certification of defense counsel on page 9.

During Appellant's plea hearing on February 5, 2010, the following oral colloquy occurred:

> THE COURT:     Have you had a chance to review your legal rights in this matter with your counsel, Mr. Cooke?
>
> [APPELLANT:]     Yes.
>
> THE COURT:     You understand that in order for the Court to accept your guilty plea in this matter that you must waive your constitutional right to trial by jury?
>
> [APPELLANT:]     Yes. . . .
>
> THE COURT:     Have you had the opportunity to review with Mr. Cooke this written Guilty Plea Colloquy, Explanation of Defendant's Rights?
>
> [APPELLANT:]     Yes.
> . . .
>
> THE COURT:     Did you understand the document?
>
> [APPELLANT:]     After he explained it to me, yes. I had to make some changes, but, yes, I understand it. Yes, I initialed it.

THE COURT: You initialed all of the changes that are on the document?

[APPELLANT:] I believe I did.

THE COURT: I believe that all of the changes have, in fact, been initialed by you. Is anybody forcing you to enter this plea today?

[APPELLANT:] No.

THE COURT: Are you doing this of your own free will?

[APPELLANT:] Yes.

THE COURT: Has your attorney gone over the meaning of this document with you?

[APPELLANT:] A little bit, yes, but I understand it that I'm pleading guilty.
. . .

THE COURT: . . . You understand that by entering this plea of guilty you are, in fact, admitting that you committed the crime with which you are charged and to which you are pleading guilty?

[APPELLANT:] Yes.

* * *

THE COURT: You understand the nature of the charges to which you are pleading guilty?

[APPELLANT:] Yes.

THE COURT: Is there, in fact, a factual basis to support your plea of guilty, did the incident occur –

[APPELLANT:] Yes.

THE COURT: -- as set forth in the information?

[APPELLANT:] Yes.

THE COURT:        Do you understand that you have the right to a trial by jury?

[APPELLANT:]      Yes, I do.

THE COURT:        You understand that you're presumed innocent until found guilty by a jury of your peers?

[APPELLANT:]      Yes.

N.T., 2/5/10, at 4-6, 8-9.

On February 19, 2010, Appellant petitioned to withdraw his guilty plea. On February 22, 2010, Judge Pozonsky denied the motion as untimely. Appellant's defense counsel failed to file a requested appeal. On August 29, 2012, Appellant filed a PCRA petition seeking reinstatement of his appeal rights. The PCRA court dismissed the petition on October 5, 2012, but on February 7, 2014, we vacated that dismissal and remanded the case to the trial court for an evidentiary hearing "on his preserved claim that he is entitled to reinstatement of his direct appeal rights since he asked counsel to file an appeal and counsel failed to do so." Commonwealth v. Rosenberger, No. 1721 WDA 2012, at 1 (Pa. Super. Feb. 7, 2014) (unpublished memorandum). Specifically, this Court stated: "[R]egardless of whether Appellant could pursue his claims under the PCRA, he is entitled to a hearing to determine if he asked plea counsel to appeal." Id. at 8-9. In light of this disposition, the Court did not address any other challenges raised by Appellant in that appeal. Id. at 5.

Molly Maguire Gaussa, Esquire, represented Appellant at the hearing on his reinstated direct appeal. Following that hearing, the trial court determined that "counsel [had] failed to file a requested directed appeal." *Rosenberger II*, No. 845 WDA 2014, at 2. On May 21, 2014, Appellant appealed his sentence to this Court. In that appeal, Appellant raised five issues, only the first of which this Court found to be cognizable – Appellant's claim that "the trial court improperly denied his motion to withdraw his guilty plea." *Id.* at 3. This Court held that "the trial court did not err in denying his motion as untimely." *Id.* at 4. This Court "also note[d] that even if the motion was not untimely, Rosenberger would not have been entitled to withdraw his guilty plea." *Id.* On August 4, 2015, this Court thus affirmed Appellant's judgment of sentence. *Id.* at 2, 5.

Meanwhile, on March 20, 2015, former judge Paul Pozonsky pleaded guilty to stealing drugs that had been admitted into evidence in nine separate cases. On May 9, 2016, Appellant filed the pro se PCRA petition at issue in this appeal. In his petition, Appellant contended that his PCRA petition —

> was late[4] due to governmental interference by showing:
> (Judge, Ret.) Mr. Pozonsky, who retired in 2012, in the middle of

_____

4 Appellant's PCRA petition was not late, as it was filed less than one year after the date of final judgment. 42 Pa.C.S. § 9545(b)(1). As noted above, this Court affirmed Appellant's judgment of sentence on August 4, 2015. *Rosenberger II*, No. 845 WDA 2014, at 2, 5. His judgment thus became final on September 3, 2015. Pa.R.A.P. 1113. Appellant's pro se PCRA petition of May 9, 2016, hence was filed less than one year thereafter.

- 7 -

the State grand jury investigation, was arraigned by District Judge Robert Redlinger on a raft of misdemeanor drug and theft charges for poaching drugs from that and nine (9) other criminal cases.

PCRA Pet., 5/9/16, at 3. Appellant attached as Exhibit 8 the undated findings of the grand jury convened to review evidence of Pozonsky's misconduct during his time as a judge.

Appellant also insisted in his pro se PCRA petition that Attorney Cooke "sent [him] a plea colloquy to fill out even though [Attorney Cooke] knew that [Appellant] wanted to go to trial. [Appellant] filled out the plea colloquy against [his] better judgment on Feb. 3rd, 2010." PCRA Pet., 5/9/16, at 4A-4B.[5]

On May 23, 2016, the PCRA court appointed Stephen C. Paul, Esquire, to represent Appellant and ordered Attorney Paul to file an amended PCRA petition within sixty days. The certified record includes a Turner/Finley[6] letter from Attorney Paul, addressed to the PCRA court and dated August 24, 2016, explaining his intent to withdraw from the case. Although there is no indication in the certified record that Attorney Paul sent the Turner/Finley letter to Appellant, the pro se brief filed by Appellant to this Court states

_____

[5] When filing his pro se PCRA petition, Appellant used a boilerplate form. Between pages 4 and 5 of the form, Appellant included three additional pages of text, all labelled as page 4. We will refer to these three pages as "4A," "4B," and "4C."

[6] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

that Appellant received the Turner/Finley letter on August 26, 2016. Attorney Paul's letter included explanations of why he believed that each of the claims raised in Appellant's PCRA petition were meritless, including:

> The [PCRA] Petition's claim of interference by former Judge Pozonsky is without merit. Though Mr. Pozonsky was convicted of crimes related to tampering with drug evidence, the [PCRA] Petition and record demonstrate no tampering in this matter. As such, [Appellant] is not entitled to relief on this claim.

Turner/Finley Letter, 8/24/16, at 4 ¶ vii. On September 6, 2016, Attorney Paul filed his motion for leave to withdraw his appearance.

On September 7, 2016, the PCRA court entered a notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The Rule 907 Notice stated that the PCRA petition would be dismissed on October 4, 2016, unless Appellant, "either representing himself or through counsel, responds to this order and notice demonstrating why the [PCRA c]ourt should not dismiss" the PCRA petition.

On September 8, 2016, Appellant filed a pro se "Motion to Object to Counsel's Motion to Withdraw and to Declare Counsel Ineffective and Appointment of New Counsel." On September 15, 2016, the PCRA court entered a one-sentence order that Appellant's "Motion to Object to Counsel's Motion to Withdraw and Declare Counsel Ineffective and Appoint New Counsel is denied." However, the PCRA court never specifically ruled on Attorney Paul's motion for leave to withdraw his appearance.

On September 28, 2016, Appellant filed pro se objections to the Rule 907 Notice, in which he argued that he had valid ineffective assistance of counsel claims against Attorney Maguire Gaussa and Attorney Cooke. On October 4, 2016, the PCRA court entered an order dismissing the PCRA petition, as follows:

> AND NOW, this 4th day of October, 2016, after reviewing [Appellant]'s response to appointed counsel's Turner/Finely Letter, which was received by the Court on September 28, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that [Appellant]'s PCRA is DISMISSED. Pursuant to Pa.R.Crim.P. 910 and Pa.R.A.P. 903(a), [Appellant] has the right to file an appeal to the Superior Court within thirty (30) days of the date this order is filed with the Clerk of Courts, if he desired. [APPELLANT] SHALL BE SERVED WITH NOTICE OF THIS ORDER BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED.

Order, 10/4/16 (emphasis in original). The above order did not resolve counsel's petition to withdraw. On October 25, 2016, Appellant filed a pro se notice of appeal to this Court.

Since the PCRA court never explicitly granted or denied Attorney Paul's motion for leave to withdraw his appearance, the record is remanded to the PCRA court for a period of time not to exceed thirty days, during which time the PCRA court shall determine whether Appellant is still represented by counsel and shall notify this Court of its determination.

Case remanded for a period of time not to exceed thirty days for further proceedings to determine the status of Appellant's counsel. Jurisdiction retained.